UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| The Housing Authority of the City of New Iberia | Civil Action No. 08-0020 |
| versus | Judge Tucker L. Melançon |
| Axis Surplus Insurance Co., et al | Magistrate Judge C. Michael Hill |

**MEMORANDUM RULING**

Before the Court is plaintiff's, The Housing Authority of the City of New Iberia ("HANI"), Motion To Remand Proceeding To State Court [Rec. Doc.5] and defendant's, Axis Surplus Insurance Company ("Axis"), opposition thereto [Rec. Doc. 11]. Also before the Court is plaintiff's Motion for Leave to File Amended Complaint to add as a defendant the Louisiana Housing Council, Inc. Group Self Insurance Risk Management Agency [Rec. Doc.14], defendant's opposition thereto [Rec. Doc. 21] and plaintiff's reply brief [Rec. Doc. 22]. For the reasons that follow, the Court will grant plaintiff's motion to remand and deny as moot its motion to file amended complaint.

*I. Background*

Plaintiff filed this action in the 16th Judicial District Court, Parish of Iberia, State of Louisiana on September 21, 2007 and Axis removed it to this Court on January 4, 2008 on the basis of jurisdiction under 28 U.S.C. § 1332. *R. 1.* Plaintiff's action arises out of alleged damages to public housing properties during Hurricane Rita. In its original complaint, plaintiff named as defendants Axis and Westchester Surplus Line

Insurance Company ("Westchester") as the issuers of excess policies relative to plaintiff's claims for damages. Plaintiff filed an amended complaint on December 19, 2007 adding the Louisiana Housing Council, Inc. for damages owed to plaintiff under a self insurance fund. Axis' Notice of Removal states that plaintiffs, Axis and Westchester, are properly joined parties and are completely diverse. Axis further states that because Westchester has not been served, its consent to removal is not necessary. *R.1.* On February 29, 2008, Axis filed a motion for leave to file an amended notice of removal seeking to add the Housing Council as a defendant and stating that the additional defendant is improperly aligned as it is the named insured on the Axis policy at issue and HANI has no cause of action against it. *R. 24.*

Plaintiff has also filed a motion for leave to amend her complaint to add as a defendant the Louisiana Housing Council, Inc. Group Self Insurance Risk Management Agency which the Court will consider in this memorandum ruling. *R. 14.*

*II. Analysis*

*A. Motion to Remand*

HANI filed this motion to remand on January 16, 2008 contending that the insurance policies issued by Axis and Westchester name the Housing Council as the named insured and therefore defendants "issued/held/administered" the policies which cover the damages at issue in this action. *R. 5.* HANI contends that remand is appropriate in this matter because it is entitled to sovereign immunity under the Eleventh

Amendment. HANI further contends that complete diversity of citizenship does not exist as the Housing Council and the Louisiana Housing Council, Inc. Group Self Insurance Risk Management Agency[1] are corporations organized under the laws of the Louisiana and therefore are citizens of Louisiana.

*1. Sovereign Immunity*

In its opposition to the motion to remand, Axis asserts that HANI is not an *alter ego* of the State under the Eleventh Amendment, but rather it is a subdivision with a distinct identity that lacks sovereign immunity. Axis argues that just as the District Courts in the Eastern District of Louisiana have rejected the Housing Authority of New Orleans' (HANO) claims of immunity, the Court should reject HANI's claim in this case. Axis refers the Court to two unpublished Eastern District cases, *Kenyatta-Bean v. Housing Authority of New Orleans*, 2005 WL 3543793 (E.D. La. 2005)(J. Lemmon) and *Norris v. Housing Authority of New Orleans*, 2003 WL 22384936 (E.D. La. 2003)(MJ. Chasez), in which the courts rejected HANO's argument that it was immune from suit in federal court under the Eleventh Amendment. In each case, the court considered the six-factor test adopted by the Fifth Circuit to determine whether an entity is an arm of the

---

[1] Since its removal, HANI filed a motion to file an amended complaint to add the Louisiana Housing Council, Inc. Group Self Insurance Risk Management Agency as an additional defendant.

3

state that enjoys Eleventh Amendment immunity from suit in federal court.[2]

>In *Kenyatta*, the court stated:
>
>"Although state statutes and decisions view [a housing authority] as an arm of the state, the remaining factors of the test for immunity do not support HANO's claims. There is no evidence in the record regarding the source of [the housing authority's] funding and the Louisiana Revised Statutes provide that the state is not responsible for [a housing authority's] debts. A municipal housing authority may operate only within 'the municipality and the area within ten miles from the territorial boundaries thereof.' LSA-R.S. 40:396. [A housing authority] has the power to '[s]ue and, subject to the limitations, privileges, and immunities provided by applicable law, be sued.' LSA-R.S. 40:431 C. (2). [A housing authority] has the statutory power to 'plan, prepare, carry out, develop, construct, acquire, improve, reconstruct, renovate, rehabilitate, enlarge, reduce, alter, manage, own, lease, and operate housing, housing projects or developments, or any portions of housing projects or developments, and nonresidential and mixed-use facilities.'"

*Kenyatta,* at *3.

The *Norris* court also concluded, for the same reasons, that there was no basis upon which to conclude that HANO was subject to sovereign immunity. *Norris*, at *2.

Here, HANI operates under the same statutes as HANO. Just as the court found in *Kenyatta* and *Norris* that HANO could not demonstrate that it is an arm of the state for purposes of Eleventh Amendment immunity, the record before the Court fails to

---

[2]The Fifth Circuit employs a six-factor test to determine whether an entity is an arm of the state that is entitled to sovereign immunity under the Eleventh Amendment, focusing on:
1. Whether the state statutes and case law view the agency as an arm of the state; 2. The source of the entity's funding; 3. The entity's degree of local autonomy; 4. Whether the entity is concerned primarily with local as opposed to statewide problems; 5. Whether the entity has the authority to sue and be sued in its own name; 6. Whether the entity has the right to hold and use property. *U.S. ex rel. Barron v. Deloitte & Touche, L.L.P.,* 381 F.3d 438, 440 (5 Cir. 2004).

provide any basis that HANI is subject to sovereign immunity under the Eleventh Amendment .

*2. Diversity Jurisdiction*

Prior to removing this action, HANI amended its state complaint to add the Housing Council as a defendant. HANI contends that since the Housing Council is a corporation organized under the laws of the Louisiana, it is a citizen of Louisiana and because HANI is also a citizen of Louisiana, the Court does not have jurisdiction over this matter. HANI alleges that the Housing Council is jointly or severally liable with Axis and Westchester to HANI for alleged damages under the insurance policy in question. Also, pending before the Court, is HANI's motion to amend its complaint to add as a defendant the Louisiana Housing Council, Inc. Group Self Insurance Risk Management Agency ("Agency") for alleged liability under the policy. HANI asserts that if it is allowed to amend its complaint to add this defendant, it too will be non-diverse.

Axis argues that HANI has no cause of action against the Housing Council. While Axis concedes that the Housing Council is a Louisiana entity, and therefore not diverse, it argues that the defendant was joined "improperly and without basis."

HANI contends that the Louisiana Housing Council, Inc. issued the certificate for coverage to the New Iberia Housing Authority for various coverages. In payment of dues from the Housing Authorities, the Housing Council maintained a self insurance

fund for its various members. In its reply to Axis' opposition to its motion to amend the complaint, HANI represents that after filing its original complaint, "[b]ecause neither [HANI's attorney] nor the executive director of the Housing Authority were clear on the exact relationship and responsibilities of the Council and the various insurers, the addition of the Louisiana Housing Council, Inc. rather than another insurance company was sought to be added by the filing of a first amended petition." *R. 22*.

Axis asserts that the Housing Council should not be joined as a party defendant because it is the named insured on the Axis Policy and by a letter to Axis dated May 30, 2007, the Housing Council through its attorney, Gregory Belfour, asserted the rights of its members that suffered alleged covered damage as a result of Hurricane Rita. *R. 11, Exh.8*. Axis contends that it is "common sense" that HANI cannot bring a claim against the Housing Council. Rather, Axis asserts that the Court should *sua sponte* realign the Housing Council as a plaintiff because it shares the interests of HANI.

HANI maintains that based on the documents creating them, the sole entity which is responsible for damages to HANI "may be" the Housing Council and/or the Agency because they purchased the Axis and Westchester coverage and HANI has no contract with the insurance companies. HANI states that as a result, Axis and Westchester have direct responsibility to HANI on two theories only, that HANI "is an additional insured" and that HANI "is a third party beneficiary of the contract between the insurance company and the Housing Council and/or the Agency." If the theories fail, HANI

6

submits that it would have no recourse against Axis or Westchester.

Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction. At the time of removal, the Housing Council was a named non-diverse defendant in this case. To prove that a non-diverse defendant was not properly joined the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in plaintiff's pleadings of jurisdictional facts. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir. 1996). In conducting the inquiry for improper joinder, the court must take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir., 2007).

Based on the foregoing as well as the record of this action, including the undisputed fact that HANI has no contractual privity with Axis or Westchester as its excess insurers and therefore HANI must rely on the Housing Council to assert any action for coverage against Axis and Westchester, [3] the Court cannot find that there is no possibility that HANI would be able to establish a cause of action against the Housing

---

[3] The parties cite no jurisprudence on point, and the Court is unaware of any such jurisprudence.

7

Council as the named insured on the Axis and Westchester policies. Accordingly, HANI's motion to remand will be granted and this case will be remanded to the 16th Judicial District Court, Parish of Iberia, State of Louisiana from which it was removed.

### *B. Motion to Amend Complaint*

Based on the Court's ruling herein, HANI's Motion for Leave to File Amended Complaint will be denied as moot.